DECISION
Plaintiffs have appealed from an act of the Marion County assessor in disqualifying 2.1 acres of their property, identified as Account R58510, from farm use special assessment for the 2008-09 tax year. The October 6, 2008, case management conference was converted to a trial. Dianne Tucker appeared for Plaintiffs. Defendant was represented by Glen White.
 I. STATEMENT OF FACTS
Plaintiffs bought the subject property, a 3.1 acre parcel, in 2002. There were no structures on the property at that time, but the land was planted with Douglas Fir trees. Plaintiffs built their home on the property in 2003 and 2004 and moved in during November 2004.
The previous owner had applied and been approved for farm use special assessment. The property is not zoned for exclusive farm use, which means that there are income requirements that have to be met in order to qualify for special assessment, as explained more fully below. The special assessment continued after Plaintiffs' purchase, although one acre was taken out of special assessment for the home. The remaining 2.1 acres continued to be specially assessed under Plaintiffs' ownership.
Plaintiffs reported sufficient income from the sale of Christmas trees in 2002 and again in 2004. Plaintiffs had no income from trees in 2005, but did donate 108 trees to the Union Gospel *Page 2 
Mission (Mission) in Salem that year. Plaintiffs grossed $420 in 2006 from the sale of 42 trees and donated another 50 trees to the Mission, which they valued at $1,000. Finally, in 2007, Plaintiffs reported $240 gross income from the sale of 25 trees and donated 70 trees to the Mission at a reported value of $1,400.
The county disqualified the 2.1 acres by letter dated May 2, 2008, for failure to meet the statutory income requirements for at least three of the five previous tax years. As a result of the disqualification, the property is valued at market value for the 2008-09 tax year. Defendant determined that the market value was $250,990. Plaintiffs have appealed the county's disqualification, although they acknowledge that they did not meet the necessary income requirements.
Plaintiffs planted 450 Noble Fir trees in 2008. They plan to plant another 450 Noble Fir trees in 2009 after clearing the necessary land by selling as many Douglas Fir trees as they can in 2008, and then tearing out any remaining Douglas Fir trees.
 II. ANALYSIS
Under ORS 308A.068(1), [1] land not within an exclusive farm use zone can qualify for farm use special assessment provided it "is being used, and has been used for the preceding two years, exclusively for farm use," and "meets the income requirements set forth in ORS 308A.071." ORS308A.071(2)(a)(A) requires $650 in gross income for a farm unit of 6 and one-half acres or less. Plaintiffs have 2.1 acres that was specially assessed.
OAR 150-308A.068(1)(a) (B), (C) provides that the property "[m]ust have been used for farm use for the two years preceding the current assessment year" and "[m]ust have met the income requirement for three out of the last five years." *Page 3 
Plaintiffs did not meet the income requirements in three of the last five years, and Defendant correctly disqualified the property from special assessment pursuant to ORS 308A.116(1)(c). Plaintiffs earned only $240 in 2007 and earned $420 and 2006. Plaintiffs earned no income in 2005 from the sale of the trees. In fact, at the time of disqualification in March 2008, Plaintiffs had only satisfied the income requirements for one of the last five years (2004).
Tucker testified that she and her husband attempted to satisfy the special assessment requirements but were unable to sell enough trees to meet the income threshold most years. Plaintiffs, at one point, thought they could satisfy the necessary requirements by donating trees with a collective value of at least $650, which they purportedly did in 2007 and 2006. Also, Plaintiffs have now determined that the property is more likely to generate the necessary revenue by switching to a more valuable Christmas tree (i.e. the Noble Fir trees).
Unfortunately, the statutory requirements for special assessment for unzoned farmland (i.e. land not within an exclusive farm use zone) are not satisfied by intentions; the necessary income threshold must be satisfied. Additionally, while personal use or consumption by the owner can be used to establish up to 49 percent of the applicable gross income requirement, there is no similar provision for donations. See OAR 150-308A.071(1) (providing that "gross income includes the value of any crop or livestock used by the owner personally * * * [but that] the value of products consumed * * * must constitute no more than 49 percent of gross income").
 III. CONCLUSION
On the facts before it, the court concludes that Plaintiffs did not qualify for farm use special assessment and that Defendant acted in accordance with applicable law in disqualifying the property from special assessment. Now, therefore, *Page 4 
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied and Defendant's farm use disqualification stands.
Dated this ____ day of October 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on October 21,2008. The Court filed and entered this document on October 21,2008.
[1] All references to the Oregon Revised Statutes (ORS) and the Oregon Administrative Rules (OAR) are to 2007. *Page 1